# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NS RETAIL HOLDINGS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-00327-DGK |
| ADVANCED STORES COMPANY, INC., | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This case involves the alleged breach of a commercial lease agreement. Plaintiff NS Retail Holdings, LLC ("NS Retail") leased a storefront to Defendant Advanced Stores Company, Inc. ("Advanced"). Advanced allegedly stopped paying rent, so NS Retail terminated the lease. NS Retail then filed a lawsuit in state court, alleging breach of contract (Count I). ECF No. 1-1. Advanced then timely removed, ECF No. 1, and NS Retail later amended the complaint to add a claim for promissory estoppel (Count II), ECF No. 30-1.

Now before the Court is NS Retail's motion for partial summary judgment. ECF No. 53. NS Retail seeks summary judgment on liability for its breach of contract claim. ECF No. 54. Despite being given an extension to respond to the motion, ECF No. 71, Advanced never did so.

Finding that there are no genuine issues as to any material facts and that NS Retail is entitled to judgment as a matter of law, the motion is GRANTED. The parties are further ORDERED to complete mediation with a magistrate judge on or before June 20, 2023.

## Standard

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate its allegations with "sufficient probative evidence that would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

**Undisputed Material Facts**

NS Retail has set forth a statement of facts, but Advanced has failed to oppose them. So NS Retail's statement of facts are deemed admitted. *See* Local Rule 56.1(b)(1) ("Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for purposes of summary judgment.").

Many years ago, Advanced had leased a portion of the Harrisonville Marketplace from ADV Harrisonville Associates, LLC ("ADV"). ADV subsequently assigned its interest in the lease to NS Retail, who owned the Harrisonville Marketplace during the time period at issue. This fifteen-year commercial lease required Advanced to make monthly payments from October 31, 2013, until October 30, 2028.

2

In January 2022, Advanced unilaterally and intentionally stopped making monthly payments to "put some pressure on the landlord." NS Retail notified Advanced of its default under the lease, but Advanced did not cure the default. NS Retail exercised its contractual right to terminate the lease on April 5, 2022, so that it could market the premises for sale.

The lease provides that Advanced is liable for the payment of rent through the remainder of the lease term. At all times pertinent to this dispute, Advanced knew that NS Retail was seeking to market and sell the premises and unsuccessfully attempted to negotiate a buyout of its remaining payment obligations. Due to Advanced's non-payment and abandonment of the premises, NS Retail terminated the lease. In doing so, however, it had reserved all rights under the lease to pursue Advanced for the resulting damages.

## Discussion

NS Retail moves for partial summary judgment on the prima facie elements of its breach of contract claim. The Court addresses that motion before turning to the need for mediation.

### I.  NS Retail is entitled to partial summary judgment on Count I.

As an initial matter, Advanced's failure to respond has consequences. Despite Advanced's well-documented lack of diligence in defending this case, ECF Nos. 58, 66, 71, the Court eventually granted it an extension to complete discovery and respond to NS Retail's motion, ECF No. 71. Advanced still failed to respond. By not responding substantively, Advanced not only allows all the facts to be deemed admitted, L.R. 56(b)(1), but it has also waived any right to contest summary judgment on the merits, *see Johnson Tr. of Operating Engineers Loc. #49 Health & Welfare Fund v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 523 (8th Cir. 2020). So NS Retail is entitled to summary judgment on this basis alone.

Even were this not the case, NS Retail has still shown its entitlement to judgment as a matter of law. "The essential elements of a breach of contract action include: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of contract by defendant; and (4) damages suffered by plaintiff." *Vantage Credit Union v. Chisholm*, 447 S.W.3d 740, 745 (Mo. Ct. App. 2014). The undisputed facts demonstrate that there was a lease agreement between the parties, NS Retail performed its part of the bargain, Advanced breached the contract by failing to pay monthly rent, and NS Retail suffered damages as a result of this breach. So NS Retail is entitled to summary judgment on liability. The only issue left to be determined on this claim is the amount of damages NS Retail is entitled to.

**II.     The parties must submit to mediation with a magistrate judge.**

Advanced has suggested that the parties were close to settling. Given the expensive and time-consuming nature of trial and the limited issues that remain for trial (i.e., damages on Count I), the Court ORDERS the parties to attend mediation with a magistrate judge on or before June 20, 2023. The magistrate judge will contact the parties to schedule the mediation.

## Conclusion

For the foregoing reasons, the Court GRANTS NS Retail's motion for partial summary judgment. The parties are further ORDERED to complete mediation with a magistrate judge on or before June 20, 2023.

**IT IS SO ORDERED.**

Date: May 31, 2023         /s/ Greg Kays
                                                           GREG KAYS, JUDGE
                                                           UNITED STATES DISTRICT COURT