IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NS RETAIL HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:22-cv-00327-DGK |
| ADVANCED STORES COMPANY, INC., | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION TO DISMISS COUNT II**

This case involves the alleged breach of a commercial lease agreement. Plaintiff NS Retail Holdings, LLC ("NS Retail") leased a storefront to Defendant Advanced Stores Company, Inc. ("Advanced"). Advanced allegedly stopped paying rent, so NS Retail terminated the lease. NS Retail then filed a lawsuit in state court, alleging breach of contract (Count I). ECF No. 1-1. Advanced then timely removed, ECF No. 1, and NS Retail later amended the complaint to add a claim for promissory estoppel (Count II), ECF No. 30-1.

Now before the Court is Advanced's motion to dismiss the promissory estoppel claim (Count II). ECF No. 38. Finding that NS Retail has failed to state a claim of promissory estoppel, the motion is GRANTED.

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

## Statement of Facts

Many years ago, Advanced had leased a portion of the Harrisonville Marketplace from ADV Harrisonville Associates, LLC ("ADV"). ADV subsequently assigned its interest in the lease to NS Retail, who owned the Harrisonville Marketplace during the time period at issue. This fifteen-year commercial lease required Advanced to make monthly payments from October 31, 2013, until October 30, 2028.

In 2022, Advanced defaulted under the lease by failing to pay its monthly installments to NS Retail. NS Retail notified Advanced of its default under the lease, but Advanced did not cure the default. NS Retail then exercised its contractual right to terminate the lease on April 5, 2022.

The lease provides that Advanced is liable for the payment of rent through the remainder of the lease term. It further requires that Advanced is responsible for the maintenance, payment of property insurance, and payment of property taxes on the property throughout the lease term. Prior to the default, NS Retail had received offers on the property and believed that the fair market value of the property exceeded $1,000,000. But after Advanced's default, the highest offer that they received was $450,000. NS Retail sold the property for that amount.

The amended complaint contains two claims, one for breach of contract and one for promissory estoppel. The breach of contract claim alleges that the lease required the above payments and the damages are the difference between the fair market value before the default and

the ultimate sale price after the default. The promissory estoppel claim recharacterizes the lease payment obligations as "promises" and alleges that damages were incurred "as a result of [Advanced's] broken promises insofar [as] [NS Retail] had to sell the [property] for less than half the previous offer." ECF No. 30-1 at ¶ 28. That claim seeks to require Advanced to "perform[] the obligations it promised [NS Retail]." *Id.* ¶ 29.

## Procedural History

NS Retail moved for summary judgment on the liability elements of Count I. Advanced did not oppose the motion. The Court granted summary judgment on Count I, finding in part that there was an unambiguous contract that was breached by Advanced's failure to pay its monthly installments. ECF No. 73. The Court further found that the only remaining issue on that claim was for calculation of damages at trial. The Court further ordered the case to mediation.

## Discussion

Advanced argues that the promissory estoppel claim should be dismissed because the lease controls the exact issue of damages sought by the promissory estoppel claim. According to Advanced, NS Retail should only be allowed to proceed on its breach of contract claim. In a brief filed shortly before its summary judgment motion, NS Retail argues that the Court has not ruled that an unambiguous contract exists that covers the damages sought in the promissory estoppel claim. Moreover, NS Retail argues that it is not seeking damages under Count II; it only seeks to enforce the promises made by Advanced.

Under Missouri law, "promissory estoppel has four elements: (1) a promise; (2) on which a party relies to his or her detriment; (3) in a way the promisor expected or should have expected; and (4) resulting in an injustice that only enforcement of the promise could cure." *Saint Luke's Hosp. of Kansas City v. Benefit Mgmt. Consultants, Inc.*, 626 S.W.3d 731, 753 (Mo. Ct. App. 2021)

3

(quoting *Clevenger v. Oliver Ins. Agency, Inc.*, 237 S.W.3d 588, 590 (Mo. 2007)). On the last element, the "most significant factor to consider [i]n determining whether injustice can be avoided only by enforcement of the promise [is] the availability and adequacy of other remedies at law." *Id.*

In applying promissory estoppel, the Court must be mindful that it "is not available . . . when an unambiguous contract exists that covers the issue for which damages are sought," and it "cannot be used to create rights not included within the contract." *Halls Ferry Invs., Inc. v. Smith*, 985 S.W.2d 848, 853 (Mo. Ct. App. 1998). Moreover, "the existence of a contract usually defeats a promissory estoppel claim if the remedy sought is damages . . . rather than specific enforcement of the promise." *Olson v. Curators of Univ. of Mo.*, 381 S.W.3d 406, 410 n.2 (Mo. Ct. App. 2012) (citing *Clevenger*, 237 S.W.3d at 590). At bottom, promissory estoppel must be applied "with caution, sparingly, and only in extreme cases to avoid unjust results." *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 889 (E.D. Mo. 2013) (internal quotation marks omitted).

Here, the promissory estoppel claim must be dismissed. Although when NS Retail filed its opposition the Court had not yet ruled that an unambiguous contract exists, that has now changed due to the Court's grant of summary judgment on the breach of contract claim. And contrary to NS Retail's arguments, they are seeking damages that are covered by the contract. The alleged promises they seek to enforce *are* the lease agreement provisions that require Advanced to pay certain monthly installments. So the enforcement of these "promises" is the same as an order to pay NS Retail damages for Advanced's breach of the lease. *See Halls Ferry Invs., Inc.*, 985 S.W.2d at 853. And this clear overlap between the claims and their remedies means that NS Retail cannot satisfy the final element of promissory estoppel, as the breach of contract claim provides an adequate remedy at law. *See Benefit Mgmt. Consultants, Inc.*, 626 S.W.3d at 753.

4

**Conclusion**

For the foregoing reasons, the Court GRANTS Advanced's motion to dismiss and DISMISSES Count II.

**IT IS SO ORDERED.**

Date: May 31, 2023            /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT